375 F.2d 1014
 Betty Lou ELLSWORTH, Administratrix of the Estate of Roderick R. Ellsworth, Deceased, Appellant,
v.
UNITED STATES of America,
v.
EASTON CONSTRUCTION COMPANY, Inc., and Broadway Maintenance Corporation,
v.
DUQUESNE LIGHT COMPANY, Earl J. Danielson, t/d/b/a Quaker Engineering & Supply Company and S. A. Lightholder, Appellees.
Betty Lou ELLSWORTH, Administratrix of the Estate of Roderick R. Ellsworth, Plaintiff-Appellee,
v.
UNITED STATES of America, Defendant-Appellant,
v.
EASTON CONSTRUCTION COMPANY, Inc., and Broadway Maintenance Corporation,
v.
DUQUESNE LIGHT COMPANY, Earl J. Danielson, t/d/b/a Quaker Engineering & Supply Company and S. A. Lightholder, Appellees.
 No. 16353.
 No. 16354.
 United States Court of Appeals Third Circuit.
 Argued April 4, 1967.
 Decided May 3, 1967.
 
 Appeal from the United States District Court for the Western District of Pennsylvania; John L. Miller, Judge.
 
 
 1
 Frank J. Kernan, Pittsburgh, Pa., P. J. McArdle, Pittsburgh, Pa., for Ellsworth.
 
 
 2
 Leonard Schaitman, Department of Justice, Civil Division, Washington, D. C. (John W. Douglas, Asst. Atty. Gen., Gustave Diamond, U. S. Atty., Alan S. Rosenthal, Edward Berlin, Attorneys, Department of Justice, Washington, D. C., on the brief), for the United States.
 
 
 3
 James F. Manley, Burns, Manley & Little, Pittsburgh, Pa., on the brief, for Easton Const. Co.
 
 
 4
 John L. Bailey, Bailey & Bailey, Pittsburgh, Pa., for Broadway Maintenance Corp.
 
 
 5
 William J. Lancaster, Pittsburgh, Pa., for Duquesne Light Co.
 
 
 6
 David B. Fawcett, Jr., Dickie, McCamey & Chilcote, Pittsburgh, Pa., for Earl J. Danielson, etc.
 
 
 7
 Before McLAUGHLIN and GANEY, Circuit Judges, and NEALON, District Judge.
 
 OPINION OF THE COURT
 
 8
 PER CURIAM.
 
 
 9
 This Federal Tort Claims Act death litigation was tried to the Court. It resulted in a judgment in favor of the Administratrix Plaintiff and against the Defendant. There were judgments also in favor of the Third-Party Defendants. There was evidence at the trial which justifies Plaintiff's judgment against the Defendant alone and which justifies the judgments in favor of the Third-Party Defendants. Plaintiff urges that the wage loss figure should be increased, that the maintenance amount should be decreased and that the present worth of her judgment was erroneously calculated. All those items were carefully compiled by the Court and under the evidence we cannot say they were clearly wrong.
 
 
 10
 The judgments of the District Court will be affirmed.